In re Hogan

---

IN THE MATTER OF MYRTLE HOGAN, RESPONDENT-DEFENDANT

No. 7414SC222

(Filed 25 November 1974)

**1. Contempt of Court § 6— contempt proceeding — no right to jury trial**
    Defendant was not entitled to a jury trial for contempt of court for contacting and attempting to influence a juror in a pending criminal case.

2. **Contempt of Court § 6— attempting to influence juror — violation of court order**

Where a spectator at a criminal trial was present in the courtroom when the court instructed the jury not to discuss the case with anyone, the court's order was binding upon her as well as upon the jurors to whom it was expressly directed, and the court properly found the spectator guilty of contempt for wilful disobedience of the order by making a telephone call to a juror whom she knew and telling the juror that the defendant in the pending case was not guilty and did not live in the house in which heroin was found. G.S. 5-1(4).

APPEAL by respondent from *Clark, Judge,* 1 October 1973 Session of Superior Court held in Durham County.

On 27 September 1973 Judge Edward E. Clark, presiding and holding the courts of the Fourteenth Judicial District, issued an order that the respondent, Myrtle Hogan, appear before him and show cause why she should not be attached for contempt of court for contacting and attempting to influence a juror in a pending criminal case over which Judge Clark was presiding. At the hearing held on return of the show cause order both the State and respondent presented evidence. Following the hearing, the court entered judgment making findings of fact which are summarized as follows:

On 26 September 1973 the court was engaged in the trial of a criminal case in which one Levi Whitted was charged with possession and manufacture of heroin. In that case the State relied primarily on a showing of constructive possession, offering evidence to show that Whitted resided in a certain dwelling wherein the heroin had been found after a search under a search warrant. At the voir dire to determine admissibility of evidence, the attorney for defendant Whitted began to offer evidence tending to show that Whitted did not reside in the dwelling, but elected not to offer such evidence. At the conclusion of the State's evidence and before recessing for the day at 5:00 p.m., the court instructed the jury not to discuss the case with anyone and that in event anyone made an effort to contact any juror about the case, to report it to the court. At that time Myrtle Hogan, the respondent in the present proceeding, was present in the courtroom as an interested spectator, she being the mother-in-law of defendant Whitted's son. Respondent heard the instructions which the court gave to the jury. One of the jurors, Mrs. Grace W. Jones, had worked with Myrtle Hogan at Duke Hospital for approximately three and one-half years until July 1973, when Myrtle Hogan was trans-

ferred to another department. Mrs. Jones and Mrs. Hogan left the courtroom at the same time and greeted each other with smiles and waves of the hand. About 7:00 p.m. on the same day, Myrtle Hogan made a telephone call to Mrs. Jones, and asked about a book which Mrs. Hogan had previously loaned to Mrs. Jones and made arrangements to secure its return. Mrs. Hogan mentioned that she had seen Mrs. Jones in court that day, stated that Levi Whitted was innocent and did not live in the house in question, and when Mrs. Jones told Mrs. Hogan that the judge had instructed the jurors not to discuss the case, Mrs. Hogan replied, "Well, he is not guilty. I'll see you. And this is just between you and me." Mrs. Hogan then hung up the receiver. Mrs. Jones reported the telephone call to the judge before the opening of court on the following morning, and the judge in turn transmitted this information to the attorney for defendant Whitted and to the district attorney. The attorney for defendant Whitted then moved for a mistrial, which motion was granted.

On these findings of fact, the court concluded that the acts of respondent, Myrtle Hogan, "impeded and obstructed the Court and the process of justice, was knowingly, willfully, and deliberately done by her," and that she was in contempt of court. The judgment directed that respondent be confined in the common jail of Durham County for a term of 30 days. From this judgment respondent appealed.

*Attorney General Morgan by Assistant Attorney General John M. Silverstein for the State.*

*Taylor & Upperman by Herman L. Taylor and Leroy W. Upperman, Jr., for respondent appellant.*

PARKER, Judge.

[1, 2] Appellant's demand for a jury trial was properly denied. *Blue Jeans Corp. v. Clothing Workers,* 275 N.C. 503, 169 S.E. 2d 867 (1969). Evidence presented at the hearing on return of the show cause order fully supports the court's findings of fact, and the only question presented by this appeal is whether those findings in turn support the judgment rendered. We hold that they do. G.S. 5-1(4) is as follows:

G.S. 5-1. "Any person guilty of any of the following acts may be punished for contempt:

\* \* \* \*

"(4) Willful disobedience of any process or order lawfully issued by any court."

Respondent admitted she was present in court and heard Judge Clark order the jurors not to discuss the pending criminal case with anyone. She also admitted her relationship to the defendant in that case and her acquaintanceship with one of the jurors. Her defense was simply to deny she had made any telephone call to the juror. On competent evidence the court found to the contrary. Her conduct in making the call was a direct violation of the court's order given in open court while she was present and of which she was fully aware. We hold that that order was binding upon her as well as upon the jurors to whom it was expressly directed. The judgment appealed from is

Affirmed.

Chief Judge BROCK and Judge BALEY concur.