IN THE MATTER OF KATHY GEORGINE CAMPBELL, JUVENILE

No. 7818DC643

(Filed 19 December 1978)

Contempt of Court § 6.2— violation of court order—sufficiency of evidence

Though appellant was not a party to the proceedings in which a juvenile was declared undisciplined and therefore was not bound at that time by the order requiring the juvenile not to associate with him, appellant nevertheless knew of the order, having been served with the judgment, and he could be held in contempt for aiding the minor to disobey the order.

---

---

APPEAL by Steve Murray from *Gentry, Judge*. Judgment entered 19 April 1978 in District Court, GUILFORD County. Heard in the Court of Appeals at Winston-Salem on 15 November 1978.

This is an appeal from an order holding Steve Murray, an adult, in contempt for violating an order entered in a juvenile proceeding. On 27 October 1977, Kathy Georgine Campbell was held to be an undisciplined child by the District Court of Guilford County. She was placed on probation and among the conditions of probation was the following:

"That she not associate with or be found in the company of Steve Murray, nor is she to contact Steve Murray. It is further provided that Steve Murray is not to associate with the said child or permit her to get into his automobile or be in her company, nor is he to contact her by any means."

A copy of this probation judgment was served on Steve Murray.

On 7 March 1978, Steve Murray was served with an order to show cause why he should not be held in contempt for wilfully refusing to comply with the order of the court. After a hearing on 19 April 1978 the court found:

"that on or about the 23rd and 24th of February that Steve Murray did have Kathy Georgine Campbell in his car and was keeping her away from her parents with the knowledge that he was not to associate with her; that Steve Murray did contact the said Kathy Georgine Campbell by letter. . . ."

The court held Steve Murray in contempt. He received an active sentence suspended upon the payment of a $100.00 fine.

*Attorney General Edmisten, by Associate Attorney Steven Mansfield Shaber, for the State.*

*Assistant Public Defender Michael F. Joseph, for defendant appellant, Steve Murray.*

WEBB, Judge.

The appellant concedes there was evidence to support the findings of fact as to his association with the juvenile. He argues first that he was not a party to the proceedings in which Kathy Georgine Campbell was found to be undisciplined and the court

has no jurisdiction over him. He also argues that if the court did have jurisdiction he was not before the court at the time the original judgment was entered and the court had no power to issue what amounted to a permanent injunction forbidding him to associate with the minor without giving him a chance to be heard.

The State concedes that Steve Murray was not a party to the proceedings in which Kathy Georgine Campbell was declared undisciplined and he was not bound by the order at that time. The State contends, however, that Steve Murray knew of the judgment ordering the minor not to associate with him, having been served with the judgment, and he was in contempt of court for aiding the minor to disobey the order.

We find *In re Hogan*, 24 N.C. App. 51, 209 S.E. 2d 880 (1974) to be persuasive. In that case, the court instructed the jury at 5:00 p.m. not to discuss with anyone during the evening hours the case which they were hearing. A person in the courtroom who heard this instruction contacted one of the jurors that evening in regard to the case. The person who contacted the juror was held in contempt and this was affirmed by this Court. The respondent in that case was not a party to the proceedings, but was nevertheless held in contempt for violating an order of the court of which she was aware.

G. S. 5-1 reads as follows:

Any person guilty of any of the following acts may be punished for contempt:

\*      \*      \*

(4) Willful disobedience of any process or order lawfully issued by any court.

Chapter 5 of the General Statutes was replaced by Chapter 5A, effective 1 July 1978. It does not affect the decision of this case. The district court clearly had the authority to order Kathy Georgine Campbell not to associate with Steve Murray. It was a lawful order. Steve Murray knew of this order and wilfully violated it and aided the minor in disobeying it. We hold that when Steve Murray was served with the order forbidding Kathy Georgine Campbell from associating with him and aided her in

disobeying the order, he wilfully disobeyed a lawful order of the District Court of Guilford County.

*Affirmed.*

Judges CLARK and MITCHELL concur.